The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936-0280
Dear Senator Walters:
You have requested an Attorney General opinion concerning the salary of a city recorder/treasurer.
You describe a situation in which a city passed an ordinance combining the offices of recorder and treasurer. The recorder/treasurer's salary (of $108.75 per week) was paid from the city's general fund. By subsequent ordinance, the city increased the duties of the recorder/treasurer and increased the salary for the position by $280.00 per week, for a total salary of $388.75 per week. The additional $280.00 was paid from the city's water fund. The city later rescinded in its entirety the ordinance that had increased the recorder/treasurer's duties and salary.
With regard to the foregoing situation, you have presented the following question:
 Is the city still required to pay the recorder/treasurer $388.75 per week, even though her duties have been reduced by ordinance, or can the city reduce the salary to $108.75 per week because her duties are now the same as before they had been before they were increased?
As an initial matter, I must point out that the Attorney General is not in a position to construe local ordinances or to opine as to their intent. This opinion therefore should not be interpreted as addressing those issues. Nevertheless, I am authorized to offer my opinion on state law as it may affect local matters.
In this regard, it is my opinion that the city about which you have inquired is required to continue to pay the recorder/treasurer the increased amount, despite the fact that her duties have been reduced.
State law explicitly and unambiguously addresses this issue in A.C.A. §14-42-113, which states:
 The salaries of officials of cities of the first and second class and incorporated towns may be increased, but not decreased, during the term for which the officials have been elected or appointed.
A.C.A. § 14-42-113.
Because the above-quoted statute ties the salary to the official, rather than to the duties of the official, it is my opinion that this provision prohibits the decrease of the salary of city officials during their terms in office, regardless of the manner in which their duties may change.
Accordingly, I conclude that the city must continue to pay the recorder/treasurer the increased salary, even though her duties have been reduced.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh